## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Sohan Lal Banga,
a/k/a Palvinder Singh Randhawa
and Sohan Lall Bangha

December 4, 2002

Case No. (Criminal) No. 14726

BY JUDGE JAMES H. CHAMBLIN

During the sentencing hearing on November 26, 2002, an issue arose again as to whether the Court should consider the two-page statement from Jay Khawaja, a brother-in-law of one of the victims, as a victim impact statement. The statement is undated, but is styled "To the Honorable Judge."

This issue initially arose on November 25, 2002, when the Court heard the Defendant's motion to continue the sentencing. At that time, I had not read the statement. When it was brought to my attention that it was from a victim's brother-in-law and the Defendant had an objection to it, I ordered it sealed until further order of the court.

On November 26, 2002, the Commonwealth requested the Court to consider Mr. Khawaja's statement. The Defendant objected. The issue was taken under advisement. After reading the statement, I find that the first page of the statement may be considered as a victim impact statement, but the second page cannot be so considered.

Under Va. Code § 19.2-11.01, victims of crime shall be given the opportunity to prepare a written victim impact statement. Subsection B of the statute defines "victim." Under (ii), (iii), and (iv) of Subsection B, a spouse, child, or sibling is considered a "victim." As a brother-in-law of a victim, Mr. Khawaja is not, merely because of that relationship, a "victim" under Va. Code § 19.2-11.01(B).

However, under subsection (B)(i) of Va. Code § 19.2-11.01, a "victim" means "a person who has suffered physical, psychological, or economic harm as a direct result of the commission of a felony or . . . driving while intoxicated in violation of . . . § 18.2-266. . . ." I think that the first page of Mr. Khawaja's statement shows that he suffered psychological harm as a direct result of the felonies committed by the Defendant. However, the second page does not show such harm. The second page is merely a recitation of certain facts and an argument for a certain sentence.

I find that the first page is a victim impact statement from a victim as defined in Va. Code § 19.2-11.01(B)(i), but that the second page is not a victim impact statement. Therefore, I will consider only the first page of Mr. Khawaja's statement in sentencing the Defendant.

Under Va. Code § 19.2-299.1, a victim impact statement shall "(vi) provide such other information as the court may require related to the impact of the offense upon the victim." This provision does not give a reason to consider Mr. Khawaja's statement as a victim impact statement because the Court did not require or request information from Mr. Khawaja about the impact of Defendant's offenses.